**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**AMY P. DUPRE**                                    **CIVIL ACTION**

**VERSUS**                                          **NO. 2:14-cv-00715-HGB-JCW**

**STATE FARM MUTUAL AUTOMOBILE**                    **SECTION: "C" (5)**
**INSURANCE COMPANY**

## ORDER AND REASONS[1]

Before this Court is the defendant's motion to dismiss the plaintiff's Long Term

Disability Insurance Plan ("LTD") claim and the defendant's motion to dismiss plaintiff's claims

for penalty of double the amount of benefits owed or any other remedies other than the exclusive

remedies available under ERISA. Rec. Doc. 7. Defendant is State Farm Mutual Automobile

Insurance Company ("State Farm"). Rec. Doc. 1-1 at 3. Plaintiff, Amy P. Dupre ("Dupre")

opposes the motion. Rec. Doc. 8. Having considered the record, the memoranda of counsel and

the law, the Court hereby GRANTS IN PART and DENIES IN PART defendant's motion.

## I. BACKGROUND

The plaintiff, Amy Dupre, brought this claim because her employer State Farm denied

her requests for "paid sick leave and /or medical leave and/or benefits under the LTD policy",

alleged to be sold from defendant to plaintiff. Rec. Doc. 1-1 at 3.

According to the complaint, plaintiff was employed by defendant as a fire claims

representative and had been an employee of it for twenty (20) years. *Id*. Plaintiff alleges that

defendant provided paid sick leave and/or medical leave to its employees and plaintiff was also

---

[1] Haiming Li, a third-year student at Washington University Law School, assisted in the
preparation of this Order and Reasons.

allowed to purchase, through payroll deduction, a LTD. *Id*. Plaintiff alleges that the LTD policy was never provided to her during the employment. *Id*. On August 19, 2013, plaintiff states that she was diagnosed with a "Major Depressive Disorder, Severe, and was advised by a Clinical Social Worker and a Clinical Psychologist that she was incapable of performing her job duties". *Id*. Plaintiff alleges that she provided this information to defendant through third party administrators and claimed for "paid sick leave and /or medical leave and/or benefits under the LTD policy," sold to plaintiff by defendant. *Id*. Defendant and/or the third party administrators denied plaintiff's requests. *Id*.

Plaintiff brought this claim for paid sick leave and benefits under the LTD policy against defendant as her employer and the alleged insurer of the LTD policy. *Id*. at 4. She further claims that defendant's to pay these benefits should subject it to a penalty of double the amount of benefits owed, together with reasonable attorney's fees to be determined by this Court, interest, and costs. *Id*. at 4.

Defendant moved this Court for partial dismissal under Fed. R. Civ. P. 12(b)(6) to dismiss the plaintiff's LTD claim with prejudice because: "1) the LTD claim is preempted by Employee Retirement Income Security Act ("ERISA"); 2) Plaintiff has failed to exhaust administrative remedies as required by ERISA and the LTD policy". Rec. Doc. 7-1 at 1. Defendant also moved this Court to dismiss plaintiff's claim for damages based on the LTD claim, such as the request for a penalty of double the amount of benefits owed, because they are improper and preempted by ERISA. Rec. Doc. 7-1 at 5.

## II. STANDARD OF REVIEW

In general, when considering a motion to dismiss under Rule 12(b)(6), the court must take the well-pleaded factual allegations of the complaint as true. *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007). Although courts are required to take as true all factual allegations in the complaint, they are not bound to accept labels, conclusions, or formulaic recitation of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right of relief above the speculative level. The pleading must contain something. . . more. . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations and quotations omitted). The plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "On motion to dismiss for failure to state claim for relief, conclusory allegations and unwarranted deductions of fact are not admitted as true, especially when such conclusions are contradicted by facts disclosed by document appended to complaint." *Associated Builders, Inc. v. Alabama Power Company*, 505 F.2d 97, 100 (5th Cir. 1974).

To defeat a motion to dismiss, a complaint must "contain either direct allegations on every material point necessary to sustain recovery" or "contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (citations omitted). Therefore, a plaintiff must "plead specific facts not mere conclusory allegations" to avoid dismissal for failure to state a claim. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).

"In considering a motion to dismiss for failure to state a claim, a district court must limit

itself to the content of the pleadings, including attachments thereto." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). However, the Fifth Circuit has specifically allowed "documents that a defendant attaches to a motion to dismiss [to be] considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Id.* at 489 (internal quotation marks and citations omitted).

## III. LAW AND ANALYSIS

### A. ERISA Preemption Applies to Plaintiff's Claim for Unpaid Benefits under the LTD Plan

Defendant first argues that plaintiff's claims related to unpaid LTD benefits are preempted and governed by the ERISA statute. Rec. Doc. 3-5. ERISA preempts any State laws "related to" an "employee benefit plan," including state law claims for breach of contract. *See* 29 U.S.C.A. § 1144(a) ("the subchapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan…"); *see also*, *Pilot Life Ins. Co. v. Dedeaus*, 481 U.S. 41, 47 (1987) ("[T]he phrase 'relate to' was given its broad common-sense meaning, such that a state law 'relates to' a benefit plan 'in the normal sense of the phrase, if it has a connection with or reference to such a plan"). The Fifth Circuit applies a two-prong test to the raising of ERISA preemption: "(1) the claim addresses an area of exclusive federal concern, such as the right to receive benefits under the terms of [an ERISA plan]; and (2) the claim directly affects the relationship among traditional ERISA entities—the employer, the plan and its fiduciaries, and the participants and beneficiaries." *Bank of La. v. Aetna U.S. Healthcare Inc.*, 468 F.3d 237, 242 (5th Cir.2006) (quoting *Mayeaux v. La. Health Serv. and Indem. Co.*, 376 F.3d 420, 432 (5th Cir.2004)). The plaintiff's complaint, which alleges that defendant wrongfully denied her benefits claim and seeks damages on that basis, satisfies both prongs of this test.

4

First, it is well-settled that the right to receive benefits under the terms of an ERISA plan is an area of exclusive federal concern. *Hollis v. Provident Life and Accident Ins. Co.*, 259 F.3d 410, 416 (5th Cir. 2001). Thus, the plaintiff's claim under the LTD plan will touch an exclusive area of federal concern if it concerns her right to receive benefits under a plan that is regulated by the ERISA statute. *Id.*; *see also Simmons v. Reliance Standard Life Ins. Co.*, 07-9206, 2008 WL 2184995 at *2 (E.D. La. May 19, 2008) ("As a threshold matter, the court must determine whether the disability plan can be a benefit plan regulated by ERISA.").

ERISA applies to and governs the LTD policy in this case. ERISA regulates any "employee benefit plan," established or maintained by an employer engaged in commerce or in an industry affecting commerce. 29 U.S.C.A. § 1003(a)(1). The ERISA statute definition of "employee benefit plan" includes an "employee welfare benefit plan." Id. §1002(3). "Employee welfare benefit plan," in turn, means

> any plan, fund, or program which . . . established or maintained by an employer . . . . to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment, or vacation benefits, apprenticeship or other training programs, or day care centers, scholarship funds, or prepaid legal services . . . .

*Id.* § 1002(1). The LTD policy referred to in plaintiff's complaint and attached to defendant's motion to dismiss was clearly established by her employer for the purpose of providing its participants benefits in the event of disability. Rec. Doc. 7-2 at 7. Accordingly, the LTD plan at issue in this case is an ERISA plan.

Plaintiff's claim under the LTD policy is further directly based on her "right to receive benefits" under the LTD policy, which is an area of exclusive federal concern. *See* Rec. Doc. 1-

1, ¶6;  *Hollis*, 259 F.3d at 414. Therefore, the first prong ERISA preemption is satisfied.

It is further apparent that plaintiffs claims directly affect the relationship among traditional ERISA entities. Claims for benefits owed under an ERISA plan will directly affect the relationship between traditional ERISA entities whenever the claimant is a plan "participant" or "beneficiary." *Hollis*, 259 F.3d at 414. In this case, the LTD claim was brought by the plaintiff, as both participant and beneficiary under the "employee benefit plan." Therefore, the plaintiff's LTD claim directly affects the relationship among traditional ERISA entities and the second prong of raising ERISA preemption was satisfied.

In light of the forgoing analysis, the ERISA statute both preempts and governs plaintiff's unpaid benefits claim.

## B. ERISA Forbids the Treble Damages Penalty Sought by Plaintiff

Defendant next argues that the remedies sought in plaintiff's complaint, such as the request for a penalty of double the amount of benefits owed, must be dismissed with prejudice because they are not allowed under ERISA. Rec. Doc. 7-1 at 5. Plaintiff's complaint states in pertinent part that she seeks "long term disability benefits" and "a penalty of double the amount of benefits owed, together with reasonable attorney's fees to be determined by the Court, plus legal interests and cots."  Rec. Doc. 1-1, ¶6. The Supreme Court has indicated that the civil enforcement provisions of section 1132(a) are the exclusive remedies available under ERISA. *Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 148 (1985)  ("In contrast to the repeatedly emphasized purpose to protect contractually defined benefits, there is a stark absence-in the statute itself and in its legislative history of any reference to an intention to authorize the

recovery of extracontractual damages"); *see also Transamerica Mortgage Advisors, Inc. v. Lewis*, 444 U.S. 11, 19 (1979) ("[W]here a statute expressly provides a particular remedy or remedies, a court must be chary of reading others into it."). ERISA does not allow the prevailing party in a civil enforcement action to recover double the amount of benefits owed to him under the terms of his plan. *See* 29 U.S.C. 1132(a)(1)(B). Therefore, the plaintiff's claims for penalty of double the amount of benefits owed must be dismissed with prejudice. On the other hand, ERISA does allow a trial court to award attorneys fees, as well as pre- and post-judgment interest. *Dedeaux*, 481 U.S. at 53; *Hansen v. Continental Ins. Co.*, 940 F.2d 971, 984 & n.11 (5th Cir. 1991). Thus, the remainder of plaintiff's prayer for damages need not be dismissed with prejudice.

C. Plaintiff has not Adequately Pleaded Exhaustion of her LTD Benefits Claim

Defendant finally argues that plaintiff's LTD benefits claim should be dismissed in its entirety because she has not and cannot allege proper exhaustion of the claim through a plan administrator. Rec. Doc. 7-1 at 5. Plaintiff counters that she has exhausted remedies insofar as defendant cannot prove that there is a plan administrator to whom she could have appealed her benefits claim. Rec. Doc. 8 at 2. Specifically, plaintiff argues that defendant has failed to incorporate any affidavit of authenticity for the plan document attached to its motion. *Id.*

ERISA requires a claimant to exhaust available administrative remedies before bringing suit to recover unpaid benefits. *Bourgeois v. Pension Plan for Employees of Santa Fe Int'l Corp.*, 215 F.3d 475, 479 (5th Cir. 2000); *see also Wildbur v. ARCO Chem. Co.*, 974 F.2d 631, 636 (5th Cir. 1992) (setting forth standard of review for plan administrator's denial of benefits). Further, plaintiff's contention that defendant has not adequately shown a need for exhaustion has only

superficial merit.  As already stated, courts may consider the contents of a document that is referenced in plaintiff's complaint, central to the plaintiff's claims for relief, and appended to the defendant's motion. *Collins*, 224 F.3d at 498-99. Plaintiff's claim clearly references and relies upon an LTD policy. Rec. Doc. 1-1. The defendant has attached a Summary Plan Description for an LTD policy that would supersede any contrary policy documents in the case. *Hansen*, 940 F.2d at 982. While some courts have rightfully declined to consider the contents of a document the authenticity of which is actively disputed, *see, e.g.*, *Ryan, LLC v. Inspired Dev., LLC*, 12-2391, 2013 WL 6159288 at *10 (N.D. Tex. Nov. 25, 2013), they have, on the other hand, considered the contents of documents where the plaintiff simply points out that the document in question has not been properly authenticated. *Berry v. Indianapolis Life Ins. Co.*, 600 F. Supp. 2d 805, 811-12 (N.D. Tex. 2009). Here, it is clear that plaintiff does not, and further cannot, challenge the authenticity of the Summary Plan Description furnished by defendant; Plaintiff has alleged that she never received a copy. Rec. Doc. 1-1, ¶3. Accordingly, the Court will consider the Summary Plan Description attached to defendant's motion.

Under the Summary Plan Description, there is clearly a right to appeal the denial of benefits to the underwriting company in its capacity as fiduciary to the plan administrator. Rec. Doc. 7-2 at 17-18.  In this case, plaintiff has only alleged that she presented  her claims to "State Farm and/or a third-party administrator," who denied them summarily upon receipt. Rec. Doc. 1-1, ¶5. Significantly, plaintiff does not contend in opposition that she has alleged proper availment of any administrative review process. *See generally*, Rec. Doc. 8. Plaintiff has therefore failed to adequately plead her fulfillment of the LTD plan's appeals process and, by extension, ERISA's exhaustion requirement.

8

Insofar as plaintiff would argue that she should be excused from the exhaustion requirement because she never received a copy of the policy, the Fifth Circuit has already foreclosed this argument. *See Meza v. General Battery Corp.*, 908 F.2d 1262, 1279 (5th Cir.1990) ("ERISA's disclosure provisions clearly indicate Congress' concern that individual employees be informed of the administrative procedures involved in obtaining pension benefits. It does not follow, however, that Congress intended to excuse individual claimants from exhausting their administrative remedies in those cases where they were never informed of the applicable administrative procedures."); *Bourgeois*, 215 F.3d at 480 (holding employee was not excused from following pension plan's written claim procedures based on his contention that he received incomplete information regarding these procedures). A plaintiff can only be excused from exhaustion by the employer's failure to provide information about a plan where she can demonstrate that such failure has actually prejudiced her in the claims process. *Meza*, 908 F.2d at 1279. Plaintiff cannot meet this burden, having never sought to appeal her benefits through the appropriate channels. Plaintiff similarly fails to show that exhaustion of her appeals would be futile at this juncture. *Cf. Hessbrook v. Lennon*, 777 F.2d 999, 1003 (5th Cir. 1985). Plaintiff must therefore attempt to appeal her denial of benefits with the insurance company, before pursuing relief in this forum.

D. Plaintiffs LTD Benefits Claim will be Dismissed Without Prejudice

Having determined that plaintiff has not properly pleaded exhaustion of her claim for unpaid LTD benefits, the Court must decide the relief that defendant should be granted. Defendant argues that the entire complaint should be dismissed with prejudice. Rec. Doc. 12 at 3. Plaintiff argues that under no circumstances is dismissal of this kind required. Rec. Doc. 8 at

3.

At the outset, it does not appear that an opportunity to amend the complaint would be availing to the plaintiff or appropriate under the circumstances. Exhaustion goes to the very merits of an ERISA benefits claim; it is a prerequisite without which no civil action can accrue. *Simmons v. Willcox*, 911 F.2d 1077, 1081 (5th Cir. 1990). Plaintiff nowhere argues that she properly exhausted this claim before filing this complaint and has made no apparent effort to do so since. Under these circumstances, dismissal is appropriate to allow for the administrative process to run its course. *See, e.g.*, *Hollis*, 259 F.3d at 416 (remanding with instructions to remand any unexhausted ERISA claim to the plan administrator).

Defendant's contrary argument that dismissal with prejudice is required rests on a misunderstanding regarding the meaning of "preemption." Defendant argues, without citing any authority, that any claims preempted by ERISA are required to be dismissed with prejudice. Rec. Doc. 12 at 3. However, this argument defies both logic and precedent. State claims that are completely preempted by ERISA are only precluded insofar as they seek relief inconsistent with the terms of the statute and Congress' intent in establishing the ERISA scheme. *Cf. Russell*, 473 U.S. at 147-48. Further, as the Fifth Circuit has repeatedly recognized, a claim which lacks merit due to lack of exhaustion may gain merit after the claimant avails him- or herself of the review process. *Id.*; *Meza*, 908 F.2d at 1279-80. Plaintiff's LTD claim will therefore be dismissed without prejudice except as to the demand for treble damages, which must be dismissed with prejudice as discussed above.

Accordingly,

IT IS ORDERED that defendant's Motion for Partial Dismissal is hereby GRANTED IN

PART and DENIED IN PART. Rec. Doc. 7. Plaintiff's demand for a penalty of double the amount of benefits owed under her long term disability benefits policy is hereby DISMISSED WITH PREJUDICE. The remainder of plaintiff's long term disability benefits claim is hereby DISMISSED WITHOUT PREJUDICE.

New Orleans, Louisiana this 30th day of May, 2014.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**