UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| AMY P. DUPRE | CIVIL ACTION NO. 14-715 |
| VERSUS | SECTION "C" |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY | HON. HELEN BERRIGAN |

### Order and Reasons

Before the Court is defendant's Motion for Summary Judgment. Rec. Doc. 32. Having considered the record, the law, and the memoranda of counsel, the Court GRANTS IN PART and DENIES IN PART defendant's motion.

I.   Factual background

This action involves a dispute over the denial of paid sick leave ("PSL") and long term disability ("LTD") benefits. Plaintiff, Amy Dupre, was employed by defendant, State Farm Mutual Automobile Insurance Company for twenty years. Rec. Doc. 1-1 at 3. On August 19, 2013, plaintiff was diagnosed with Major Depressive Disorder, Severe, and advised by a Clinical Social Worker and Clinical Psychologist that she could not perform her job duties for defendant. *Id*. Based on the length of her employment with defendant, plaintiff was eligible for 215 days of

1

paid sick leave (PSL). Plaintiff applied for PSL to Cigna, a third-party administrator tasked with determining PSL eligibility. Cigna denied her PSL claim, and upheld its denial on appeal. Rec. Doc. 32-2 at 2. Plaintiff subsequently filed suit against defendant for payment of her PSL benefits, as well as LTD benefits. Rec. Doc. 1-1. In addition, the petition alleged that defendant's refusal to pay these benefits should result in a penalty of double the amount of benefits owed, together with reasonable attorney's fees, interest and costs. *Id*. at 4.

On April 25, 2014 defendant brought a motion to partially dismiss plaintiff's LTD claim and claim for penalty of double the amount of benefits owed as well as other remedies under the Employment Retirement Income Security Act ("ERISA"). Rec. Doc. 7. On May 30, 2014, the Court granted in part and denied in part defendant's motion. The Court dismissed with prejudice plaintiff's demand for a penalty of double the amount of benefits owed, finding that such a penalty was forbidden by ERISA. The Court dismissed without prejudice plaintiff's long term disability benefits claim, finding that she had not adequately pleaded exhaustion of the claim as required by ERISA. *Id*.

On July 7, 2014, defendant sent plaintiff a letter informing her that a decision had been made to provide her with her remaining allotment of PSL benefits retroactive to the date that her PSL benefits had been denied—an amount totaling $52,175.71. Rec. Doc. 32-2 at 31. On September 5, 2014, defendant sent plaintiff's counsel a check for $26,607.83, which it calculated to be the amount owed less applicable tax, FICA, and Medicare withholdings. *Id*. at 34. On January 9, 2015, defendant sent a second check for $709.59 pursuant to the "Pay and FICA Taxes" section of the PSL policy. *Id*. at 36 Defendant now moves to dismiss the remaining claims in this action.

**II.     Law and Analysis**

Defendant argues that plaintiff's remaining claim for paid sick leave (PSL) should be dismissed because defendant has paid all funds to which plaintiff is entitled. Specifically, defendant argues that under Louisiana's state law on obligations, "[p]erformance by the obligor extinguishes the obligation." La. Civ. Code. Art. 1854. Defendant claims that the PSL claim does not fall under ERISA, as it the PSL is a "payroll practice" plan that is excluded from ERISA's coverage. 29 C.F.R. §2510.3-1(b)(2).[1] Plaintiff admits that her PSL benefits and FICA taxes have been paid. However, she contends that dismissal is inappropriate because the issues of determining attorney fees, interest, costs and penalties for breach of fiduciary duty under ERISA are still pending. Rec. Doc. 35 at 1.

The Court notes that although defendant's PSL policy appears to be "payment of an employee's normal compensation" for time missed due to the employee being physically or mentally unable to perform his or her duties, the PSL policy that defendant has attached as an exhibit to the motion does not specify that payments are made "out of the employer's general assets" as required for exclusion from ERISA. Thus, the Court is unable to make its own determination of whether the PSL policy falls outside the purview of ERISA. Nevertheless, because the plan does appear to satisfy the other criteria for exclusion from ERISA, the Court will proceed with its analysis under the assumption that the PSL policy is not covered by ERISA. However, defendant is ordered to file within fourteen (14) days an affidavit or other competent evidence showing that payments pursuant to the PSL policy are made out of its general assets.

---

[1] ERISA excludes "[p]ayment of an employee's normal compensation, out of the employer's general assets, on account of periods of time during which the employee is physically or mentally unable to perform his or her duties, or is otherwise absent for medical reasons. . ." 29 C.F.R. §2510.3-1(b)(2).

Under Louisiana law, performance of an obligation extinguishes the obligation. La. Civ. Code. Art. 1854. Defendant argues that since it has paid the full amount owed under plaintiff's PSL policy, the instant action must be dismissed. However, under Louisiana law, a delay in performance is considered a failure to perform. LSA-C.C. art. 1994 ("An obligor is liable for the damages caused by his failure to perform a conventional obligation. A failure to perform results from. . . delay in performance."). *See also*, *Riverside Recycling, LLC v. BWI Companies Inc. of Texas*, 112 So.3d 869 (La.App. 1 Cir. 12/28/12); *Odyssea Vessels, Inc. v. A & B Industries of Morgan City, Inc.*, 94 So.3d 182 (La.App. 1 Cir. 6/13/12). Here, defendant did not come to a decision to pay plaintiff until nearly five months after plaintiff had filed suit. Thus, the Court finds that though defendant has paid the PSL compensation to which plaintiff was entitled, dismissal of the action is not appropriate because plaintiff may yet prevail on a breach of contract claim, provided she can show that performance was delayed and that she suffered damages as a result of the delay.

Plaintiff contends that she is entitled to attorney fees, interest, costs and penalties for breach of fiduciary duty under ERISA. However, the Court has already found that ERISA does not apply to plaintiff's PSL claim. Thus, ERISA cannot serve as grounds for recovery of attorney fees, interest, costs, or penalties. Furthermore, under Louisiana state law, attorney fees are not recoverable "unless specifically provided for by contract or by statute. *Frank L. Beier Radio, Inc. v. Black Gold Marine, Inc.*, 449 So.2d 1014, 1015 (La. 1984). Plaintiff has not cited to any contractual provision or statute that would enable her to recover attorney fees in this case. Thus, the Court finds no grounds for awarding attorney fees, interest, costs or penalties beyond what plaintiff may be entitled to if she can prevail on a breach of contract claim under Louisiana state law.

Accordingly,

IT IS ORDERED that defendant's Motion for Summary Judgment (Rec. Doc. 32) is GRANTED IN PART and DENIED IN PART. Plaintiff's claim for attorney fees, interests, costs and penalties for breach of fiduciary duty under ERISA is DISMISSED WITH PREJUDICE. IT IS FURTHER ORDERED that defendant shall submit competent evidence showing that the PSL plan qualifies for exclusion from ERISA within fourteen (14) days of this order.

New Orleans, Louisiana, this 24th day of February 2015.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE