UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **AMY P. DUPRE** | **CIVIL ACTION NO. 14-715** |
| **VERSUS** | **SECTION "C"** |
| **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY** | **HON. HELEN BERRIGAN** |

### Order and Reasons

Before the Court is defendant's Motion for Summary Judgment. Rec. Doc. 42. Having considered the record, the law, and the memoranda of counsel, the Court GRANTS defendant's motion.

**I.     Factual background**

The Court previously set forth the factual background of this case in its Order and Reasons of February 25, 2015. Rec. Doc. 43. In brief, this action involves a dispute between plaintiff, Amy Dupre, and defendant, State Farm Mutual Automobile Insurance Company, plaintiff's former employer, over the denial of paid sick leave ("PSL") and long term disability ("LTD") benefits. Rec. Doc. 1-1 at 3. Plaintiff filed suit against defendant for payment of her

PSL benefits, as well as LTD benefits, and the suit was removed to this Court on March 28, 2014. Rec. Doc. 1-1.

Since the initiation of these proceedings, the Court has dismissed with prejudice plaintiff's demand for a penalty of double the amount of benefits owed, finding that such a penalty was forbidden by ERISA. The Court dismissed without prejudice plaintiff's long term disability benefits claim, finding that she had not adequately pleaded exhaustion of the claim as required by ERISA. Rec. Doc. 13. Thereafter, defendant informed plaintiff that it had decided to provide her with her remaining allotment of PSL benefits retroactive to the date that her PSL benefits had been denied—an amount totaling $52,175.71—and subsequently sent plaintiff's counsel a check for $26,607.83, which it calculated to be the amount owed less applicable tax, FICA, and Medicare withholdings and a second check for $709.59 pursuant to the "Pay and FICA Taxes" section of the PSL policy. *Id*. at 31, 34, 36.

On January 13, 2015 defendant moved for summary judgment, arguing that plaintiff's remaining claim for PSL benefits should be dismissed because all funds to which plaintiff could have been entitled had been paid. Rec. Doc. 32. The Court granted in part and denied in part the motion, dismissing plaintiff's claim under ERISA but allowing her breach of contract claim under Louisiana state law to go forward on the theory that even if defendant had paid all amounts it could have owed under the PSL policy, the delay in payment could still constitute a breach of contract. Rec. Doc. 43.

Defendant now files a new motion for summary judgment, arguing that dismissal is warranted because plaintiff cannot meet her burden of proving that she was entitled to PSL under State Farm's policy and because she has already received more funds than she could be entitled to under the PSL policy. Rec. Doc. 42-2 at 8. Plaintiff opposes the motion. Rec. Doc. 44.

**II.     Standard of Review**

Summary judgment is proper when the record indicates that there is not a "genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. A genuine issue of fact exists if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1996).

A party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of '[discovery], together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986). Once the initial burden is met, the nonmoving party must "designate specific facts showing there is a genuine issue for trial" using evidence cognizable under Rule 56. *Id.* at 324, 106 S. Ct. at 2253. "[U]nsubstantiated assertions" and "conclusory allegations" will not defeat a properly supported motion for summary judgment. *Hopper v. Frank*, 16 F.3d 92, 97 (5th Cir. 1994); *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 871-73, 110 S.Ct. 3177, 3188, 111 L. Ed. 2d 695 (1990). "If the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. *Anderson*, 477 U.S. at 249-50, 106 S. Ct. at 2511 (internal citations omitted). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* at 248, 106 S. Ct. at 2510.

When reviewing a motion for summary judgment, a court must view the evidence and inferences drawn therefrom in the light most favorable to the non-moving party. *Daniels v. City*

*of Arlington, Texas*, 246 F.3d 500, 502 (5th Cir. 2001). Summary judgment does not allow a court to resolve credibility issues or weigh evidence.

### III.    Law and Analysis

Defendant argues that plaintiff's claim should be dismissed on two grounds: 1) that plaintiff has not met her burden of proof to show that she should have been granted PSL benefits and 2) that she has already received more funds than she could be entitled to under the PSL policy. Rec. Doc. 42-2.

As to the first ground for dismissal, defendant avers that plaintiff has not presented any evidence showing that Cigna's initial denial of PSL benefits and its denial on review were in error. Rec. Doc. 42-2 at 9. The Court agrees. As the moving party, defendant bears the burden of showing that there is no genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 323. In support of the validity of the PSL denial, defendant has attached as exhibits to this motion the letter denying plaintiff's initial claim for PSL and the letter denying plaintiff's appeal of the initial denial. Rec. Docs. 42-3 at 1-7. The letters each state the medical documentation that Cigna relied upon in making the determination to deny benefits and Cigna's reasoning for doing so. *Id*. The Court finds that these are sufficient to show an absence of a genuine issue of material fact as to whether that the denial of PSL benefits was appropriate given the criteria used by Cigna.

In response, plaintiff has not presented any evidence to show that there is a genuine issue for trial. Rec. Doc. 44. Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp.*, 477 U.S. at 324. Rather than fulfilling the mandate of Rule 56(e), plaintiff's counsel avers that "the delay

in payment of PSL benefits was a breach of contract requiring plaintiff to cash in her husband's retirement benefits, costing her loss of interest and penalties." *Id*. This statement is insufficient for showing a genuine issue of material fact, since even if the payment of PSL benefits was delayed, plaintiff would still need to show that there was an obligation on State Farm's part to pay the benefits in the first place. By failing to show by affidavits, depositions, answers to interrogatories, or admissions that the denial of benefits was in error, plaintiff has not demonstrated that there is a genuine issue of fact for trial. Thus, summary judgment in defendant's favor is warranted.

Defendant also argues that plaintiff's claim should be dismissed because she has received more funds than she could be entitled under the PSL policy. However, having already found that summary judgment is warranted, the Court declines to reach this argument.

Accordingly,

IT IS ORDERED that defendant's Motion for Summary Judgment (Rec. Doc. 42) is GRANTED, and plaintiff's claim for PSL benefits is DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 11th day of March 2015.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE